```
Stacie L. Brandt, Bar No. 166399
BOOTH, MITCHEL & STRANGE LLP
701 South Parker Street, Suite 6500
Orange, California 92868
(714) 480-8500 fax (714) 480-8533
slbrandt@boothmitchel.com

Attorneys for Plaintiff
NATIONWIDE MUTUAL INSURANCE COMPANY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation;<br><br>Plaintiff,<br><br>vs.<br><br>PUBLIC SQUARE LA, INC., a California corporation; SAMVEL SIMONYAN, an individual; GASPAR PETROSYAN, an individual; and ANAID F. PETROSYAN, an individual,<br><br>Defendants. | Case No. 2:26-cv-245<br><br>**NATIONWIDE MUTUAL INSURANCE COMPANY's COMPLAINT FOR:**<br><br>1. **Breach of Indemnity Contract:**<br>2. **Reimbursement;** |

Plaintiff NATIONWIDE MUTUAL INSURANCE COMPANY alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff NATIONWIDE MUTUAL INSURANCE COMPANY ("Nationwide") is a corporation incorporated under the laws of the State of Ohio, with its principal place of business in Columbus Ohio. Defendants are citizens of Los Angeles County, California. This Court has original jurisdiction under 28 U.S.C § 1332, in that this action is an action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

2. Venue is proper in this judicial district because the Defendants are citizens in

the County of Los Angeles or the County of Riverside, State of California.

## GENERAL ALLEGATIONS

3.     Plaintiff Nationwide Mutual Insurance Company is incorporated under the laws of the State of Ohio and maintains its statutory address and principal place of business at Columbus, Ohio. Its primary and domiciliary regulator is the Ohio Department of Insurance.

      a.     Nationwide Mutual Insurance Company, with its affiliated companies, is based in Columbus, Ohio, and operates regional headquarters in Scottsdale Arizona and Des Moines Iowa. Nationwide Mutual Insurance Company is a mutual insurance company, and neither it nor its affiliated companies sell stock to the public. Nationwide's affiliated companies are numerous subsidiaries, none of which is headquartered in California.

      b.     No member of Nationwide Mutual Insurance Company's executive management team lives in or works from California.

4.     At all relevant times, Nationwide was duly licensed to conduct surety business in the State of California. Nationwide is an admitted surety in the State of California, among other jurisdictions, and issues contract surety bonds and commercial bonds, among other bonds, in the course of its business.

5.     Nationwide is informed and believes and alleges that Defendant PUBLIC SQUARE LA, INC. ("Public Square"), is a California corporation formed under the laws of the State of California, with its principal place of business located at 6280 Hollywood Blvd., Los Angeles, California 90028, in Los Angeles County, California, during the events that give rise to this Complaint, and later located at 820 Arden Ave., in Glendale California, in Los Angeles County, and is subject to its jurisdiction and laws.

6.     Nationwide is informed and believes and alleges that Defendant SAMVEL SIMONYAN (" Simonyan") is an individual and a citizen and resident of the City of Glendale, in Los Angeles County, California, and is subject to its jurisdiction and laws.

7.     Nationwide is informed and believes and alleges that Defendant GASPAR PETROSYAN ("Petrosyan") is an individual and a citizen and resident of the City of

1  Glendale, in Los Angeles County, California, and is subject to its jurisdiction and laws.

2       8.    Nationwide is informed and believes and alleges that Defendant ANAID F. PETROSYAN ("Anaid Petrosyan") is an individual and a citizen and resident of the City of Thermal, in Riverside County, California, and is subject to its jurisdiction and laws.

## THE GENERAL INDEMNITY AGREEMENT

     9.    On or about March 1, 2023, Defendants, and each of them, executed a General Agreement of Indemnity ("Indemnity Agreement") in favor of Nationwide, in partial consideration for the execution of a surety bond. A true and correct copy of the Indemnity Agreement is attached to this Complaint as <u>Exhibit 1</u> and incorporated by this reference. (Defendants Public Square, Simonyan, Petrosyan, and Anaid Petrosyan are sometimes collectively referred to as the "Indemnitors.")

     10.    In Section 3 of the Indemnity Agreement, the Indemnitors agreed to pay or cause to be paid promptly on demand each annual premium for any and all Bonds issued by Nationwide.

     11.    In Section 4 of the Indemnity Agreement, the Indemnitors agreed to indemnify Nationwide, agreeing "to perform all the conditions of such bond(s) and to indemnify and save the Company harmless from any and all liability, demands, losses, costs, damages and expenses, including attorney and counsel fees, which the Company may sustain or incur by reason of or in consequence of the execution of such bond(s) by the Company, or incurred in obtaining a release of liability or evidence of termination under such bond(s) or incurred by the company in enforcing any provision of this agreement."

     12.    Section 4 of the Indemnity Agreement includes an attorney fee clause.

     13.    In Section 6 of the Indemnity Agreement, the Indemnitors agreed that Nationwide has the right to settle any claim: "that the Company shall have the exclusive right to adjust, settle or compromise any claim under such bond(s) unless one or more of the Indemnitors shall, in writing, request the Company to litigate such claim and shall deposit immediately with the Company collateral satisfactory to the Company in kind and amount."

     14.    The Indemnity Agreement includes a prima facie evidence clause. In Section

7 of the Indemnity Agreement, the Indemnitors agreed: "that the itemized statement of loss and expense incurred by the Company, sworn to by an officer of the Company, shall be prima facie evidence of the fact and extent of the liability of the Indemnitors to the Company."

15. In Section 9 of the Indemnity Agreement, the Indemnitors agreed to pay Nationwide interest at the maximum legal amount from the date each loss payment was made. The Indemnitors agreed "that in the event of any payment by the Company, the indemnitors shall pay the Company interest on such amounts at the maximum legal rate from the date such payments are made."

**BOND ISSUED BY NATIONWIDE, LOSS, AND INDEMNITY DEMANDS**

16. Defendant Public Square requested that Nationwide issue a financial guarantee surety bond on its behalf in connection with its lease with 1680 CCWR 46 Owner, LLC ("Owner"), for a restaurant project in the City of Hollywood, California. The leased premises are located in the Taft Building, 1680 North Vine Street, Hollywood, California.

17. Nationwide issued Bond No. 7901128648 on behalf of Public Square LA, Inc., as bond principal, for the benefit of the 1680 CCWR 46 OWNER, LLC, as obligee ("Bond"). The Bond was first in effect on March 1, 2023, with a penal sum of $540,000. Effective April 18, 2023, the penal sum of the Bond was increased by written rider to $750,000 ("Rider"). True and correct copies of the Bond and Rider are attached to this Complaint as Exhibit 2 and incorporated by this reference.

18. **Claim**. On or about August 22, 2024, a claim for unpaid rent was asserted against the Bond from by Ocean West Capital Partners, an agent of an assignee of Owner, that Public Square had failed to pay the rent guaranteed by the Bond ("Claim" and "Claimant").

19. On or about March 30, 2023, CCWR assigned the lease to Taft Tower LLC (75%) and to Hollywood Investment Capital, LLC (25%).

20. Nationwide retained counsel to advise it about the Claim and the assignments. Following Nationwide's good faith investigation of the Claim, Nationwide

1  determined the Claim should be paid. Beginning November 18, 2024, through May 19, 2025, Nationwide made payments to Claimant Taft Tower LLC on the Bond in the total amount of $734,198.13.

21.  Nationwide retained attorneys Lewis Brisbois to assist it in evaluating the claim and paid them $2,728.00.

22.  Nationwide retained the firm Kazlow & Fields to evaluate the assets of the Indemnitors and paid them $2,916.00

23.  In total, Nationwide incurred loss, including expenses, for which the Indemnitors are liable to reimburse it under the Indemnity Agreement in the total amount of $739,842.13. A true and correct copy of Nationwide's loss report is attached to this Complaint as <u>Exhibit 3</u>.

24.  Nationwide is entitled to recover interest at the annual rate of ten percent from the date each loss or expense payment was made. Interest in the amount of $61,164.96 has accrued on Nationwide's loss and expense payments through January 5, 2026, and is continuing to accrue.

25.  **Notice and Demands to Indemnitors.** Nationwide notified Public Square of the Claim by letter dated August 22, 2024. On September 3, 10, and 17, 2024, Public Square communicated with Nationwide about the Claim through the underwriting agent. On November 13, 2024, Nationwide sent Public Square, Simonyan, and Petrosyan a further letter about the Claim and continued to communicate with Public Square through the underwriting agent.

26.  By letter dated December 8, 2025, Nationwide, through counsel, sent to the Indemnitors, and each of them, a letter demanding the Indemnitors immediately reimburse it for all loss and expense incurred, with interest, in the total amount of $794,723.50 ("Demand"). A true and correct copy of the Demand letter to the Indemnitors is attached to this Complaint as <u>Exhibit 4</u> and incorporated by this reference.

27.  Nationwide received no response to the Demand from any Defendant.

///

28. The Defendants have failed and refused, and continue to fail and refuse, to pay any amount to Nationwide to reimburse it for its loss.

## FIRST CLAIM FOR RELIEF

**(Breach of the Indemnity Agreement against All Defendants)**

29. Nationwide incorporates by reference paragraphs 1 through 28 as though set forth in full.

30. Nationwide issued the Bond. Nationwide received the Claim on the Bond from Claimant. Nationwide investigated the Claim and in good faith determined that it should be paid. Nationwide's investigation included retaining legal counsel to address the issue of Claimant's assignment. Nationwide paid $734,198.13 to Claimant Taft Tower, LLC, $2,728.00 to counsel to assist in evaluating the Claim, and $2,916.00 to investigate the Indemnitors' assets.

31. Indemnitors have failed to reimburse Nationwide for its loss and expense incurred as a result of issuing the bond and the Claim in the amount of $739,842.13, a breach of the Indemnity Agreement.

32. Nationwide has performed all of the terms, covenants, and conditions required on its part to be performed under the terms of the Indemnity Agreement and Bond, or has been excused from doing so by the Defendants.

33. As a direct and proximate result of the breach of the Indemnity Agreement by the Defendants, Nationwide has incurred losses and expenses, including costs and attorney fees, and will continue to incur losses and expenses in an amount according to proof, along with attorney fees, expenses, and costs incurred in prosecuting this action, and interest to the extent permitted by law.

## SECOND CLAIM FOR RELIEF

**(Reimbursement against Public Square)**

34. Nationwide incorporates by reference paragraphs 1 through 33 as though set forth in full.

35. Under section 2847 of the California Civil Code and common law

principles, if a surety satisfies the principal obligation, or any part thereof, whether with or without legal proceedings, the principal is bound to reimburse what the surety has disbursed, including necessary costs and expenses.

36. Defendant Public Square is the principal on the Bond.

37. Between November 18, 2024 and May 19, 2025, Nationwide paid out $734,198.13 on the Bond to Claimant Taft Tower LLC.

38. Defendant Public Square, as the principal on the Bond issued by Nationwide, is obligated to reimburse Nationwide under common law principles of suretyship. Nationwide is entitled to recover from bond principal Public Square the entire amount paid out in claims, in an amount according to proof, which is $734,198.13.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nationwide Mutual Insurance Company prays for judgment, as follows:

ON THE FIRST CLAIM FOR RELIEF:

1. For all damages proximately caused by the Defendants' breach of the Indemnity Agreement, with interest as permitted by law.

2. For an award of attorney fees expended to prosecute this action;

3. For costs of suit.

4. For such other and further relief as is deemed necessary and proper by the Court.

ON THE SECOND CLAIM FOR RELIEF:

1. For damages in an amount equal to the damages Nationwide incurred when it paid Public Square's obligations on the Bond, with interest;

2. For costs of suit in this action; and

///

///

///

///

3. For such other and further relief as is deemed necessary and proper by the Court

Dated: January 9, 2026

BOOTH, MITCHEL & STRANGE LLP

/s/ Stacie L. Brandt 166399
_____
STACIE L. BRANDT
Attorneys for Plaintiff
NATIONWIDE MUTUAL INSURANCE COMPANY